**Abdul Jaleel WAHAB, also known as Abdool Jaleel Wahab, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–30879.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 28, 2004.

Abdul Jaleel Wahab, Oakdale, LA, pro se.

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM.*

Abdul Jaleel Wahab, federal prisoner # 43052–004, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he challenged his 1998 and 2003 deportation proceedings. We AFFIRM.

The district court did not err in denying Wahab's challenge to his 2003 deportation proceeding as Wahab had failed to exhaust administrative remedies. *See also Goonsuwan v. Ashcroft*, 252 F.3d 383, 385–86 (5th Cir.2001). Nor did the district court err in finding that it lacked jurisdiction over Wahab's challenge to his 1998 deportation. The transitional rules of the Illegal Immigrant Reform and Immigration Responsibility Act (IIRIRA) apply to Wah-

ab's 1998 deportation order because the removal proceedings commenced before April 1, 1997, and concluded more than thirty days after September 30, 1996. *Goonsuwan*, 252 F.3d at 386. Under the pre-IIRIRA law that was incorporated into the transitional rules, district courts were deprived of subject-matter jurisdiction to review orders of deportation after the alien was deported. *Lara v. Trominski*, 216 F.3d 487, 491–92 (5th Cir.2000); 8 U.S.C. § 1105a(c)(1994)(repealed 1996).

There was no gross miscarriage of justice in Wahab's 1998 deportation proceeding and his subsequent deportation. *Lara*, 216 F.3d at 491–92. The district court therefore lacked subject-matter jurisdiction over Wahab's challenge to his 1998 deportation.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.